UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LARRY P.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. C24-841-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

       Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found post-traumatic stress disorder ("PTSD"), anxiety, and status-post second and third degree burns with residual scarring are severe impairments; Plaintiff retains the residual functional capacity ("RFC") to perform light work except no climbing of ladders, ropes, or scaffolds and no crawling; no reaching overhead with the right upper extremity; frequent reaching in all other directions with the right upper extremity; and occasional interaction with the public and with coworkers; and Plaintiff cannot perform past relevant work but is not disabled because he can perform other jobs that exist in significant numbers in the national economy. Tr. 23-33.

       Plaintiff contends the Court should remand this matter for further administrative proceedings on the grounds the ALJ erroneously discounted the opinions of Melanie Mitchell, Psy.D., James Czysz, Psy.D., Charles Nguyen, D.O., and Shirley Deem, M.D. Dkt. 9. The Court

partially agrees and for the reasons below **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under 42 U.S.C. § 405(g).

## DISCUSSION

The Court may reverse the ALJ's decision if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The Court will not reverse the ALJ's decision if the ALJ committed harmless error. *Id*. at 1111. The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**A.     Physical Evaluations of Drs. Deem and Nguyen**

Plaintiff argues the ALJ erred by failing to adopt all limitations assessed by examining doctors Shirley Deem, M.D. and Charles Nguyen, D.O. Dtk. 9 at 12, 15. The ALJ gave weight to the doctors' opinion that Plaintiff is limited to light lifting and carrying finding the opinions were supported by their examinations which revealed reduced range of motion of the right shoulder and observations of deep pits of scar tissue or extensive scarring of the bilateral arms, shoulders and back. Tr. 27.

However, the ALJ discounted Dr. Deem's opinion Plaintiff has additional postural and manipulative limitations. The ALJ found these limitations were "generally unsupported" by the doctor's exam findings of full range of motion of the back, fingers and bilateral extremities and full strength of all extremities including grip. *Id.* The ALJ also rejected the limitations as inconsistent with Plaintiff's reports of exercising, performing household chores, and taking care of his son. *Id.*

Plaintiff argues the ALJ erred in rejecting the reaching, handling and fingering limitations Dr. Deem assessed. He posits the ALJ's finding that Plaintiff's full strength and range of motion in the hands are inconsistent with the limitations fails to account for how his badly scarred arms may affect his ability to use his hands. Dkt. 9 at 13. However, Dr. Deem did not opine Plaintiff's scarred arms affected his use of his hands. Rather the doctor noted under diagnoses "limitation of motion of the right shoulder due to scarring." Tr. 533. Dr. Deem further noted Plaintiff's range of motion in the left shoulder was normal but Plaintiff could only lift his right hand to his chin level, and that Plaintiff's range of motion for the elbows, forearms, wrists, and thumbs are "within normal limits."

Given Dr. Deem's examine findings and diagnoses, the Court cannot say the ALJ unreasonably discounted the doctor's opinion Plaintiff has handling and fingering limitations. The doctor did not make findings indicating problems with Plaintiff's hands and fingers and in fact noted Plaintiff's burns and scarring do "not involve his hands." Tr. 532. However, the ALJ's finding Plaintiff has no reaching limitations is not supported by substantial evidence. Dr. Deem specifically found Plaintiff has reaching and range of motion limitations regarding his right shoulder and lifting his right arm; the doctor did not make findings that Plaintiff is limited in reaching in other directions with the right arm. The Court thus finds the ALJ erred in failing to account for reaching or range of motion limitations as to Plaintiff's right shoulder and arm. This error, however, is harmless because the RFC determination limited Plaintiff to no overhead reaching with the right extremity, which is consistent with Dr. Deem's findings. The ALJ further determined Plaintiff has the RFC to reach in other directions with the right extremity, which is also consistent with Dr. Deem's examination findings.

The ALJ also discounted Dr. Deem's opinion about reaching, handling and fingering

limitations on the grounds it is inconsistent with "reports of exercising, performing household chores, and taking care of his son." Tr. 27. This is an insufficient and conclusory rationale lacking any explanation as to why or how these activities undermine Dr. Deem's opinion "Plaintiff has reaching or range of motion limits as to his right arm and shoulder. *See e.g., Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (explaining that even under the new regulations, an ALJ must provide an explanation supported by substantial evidence to support his or her assessment of a medical opinion). However, as noted above, the ALJ's error is harmless given the RFC determination that limits Plaintiff to no overhead reaching as to the right arm.

Plaintiff also contends the ALJ erred in discounting Dr. Deem's opinion Plaintiff can stand or walk at least 2 hours a day but less than six hours. Tr. 533. Dr. Deem states under "diagnoses" that Plaintiff has "pain in both knees, possible inflammation of the patella both right and left," and has "plantar fasciitis." The ALJ did not address Dr. Deem's opinions about these limitations and directed all discussion solely to postural and manipulative limits, which are limits Dr. Deem noted separately from the standing and walking limitations. *See* Tr. 533. The ALJ accordingly erred. This error is not harmless because the ALJ found Plaintiff can perform light duty work which requires the ability to walk or stand approximately six hours, *see* SSR 83-10, and which thus exceeds the standing and walking limits assessed by Dr. Deem.

Turning to Dr. Nguyen, the ALJ found the doctor's opinion Plaintiff has no postural limitations is not supported by his finding of limited abduction of the bilateral shoulders and tenderness of the feet. Dr. Nguyen opined Plaintiff could stand or walk four hours due to antalgic gait while walking. Tr. 651. The ALJ stated the doctor's opinion regarding "reduced stand and walking capacity" is "supported by his examination that shows antalgic gait and tenderness of the bilateral feet." Tr. 27. The ALJ appears to have rejected the standing and walking limitations

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 4

by indicating these limitations are "inconsistent with observations of ambulating independently without an assistive device and claimant's reports of walking his son to school, exercising, and performing situ-ps. *Id.* Substantial evidence does not support the ALJ's determination. Dr. Nguyen opined Plaintiff was limited to walking four hours a day, not that Plaintiff cannot walk at all or cannot ambulate without an assistive device. Walking a child to school would certainly involve far less than four hours of walking, and thus this activity does not contradict the doctor's opinion. Doing sit-ups has no correlation with walking and provides no basis to reject the doctor's walking and standing limitations. The Court accordingly finds the ALJ erred.

In sum, the Court concludes the ALJ erred in regards to the opinions of Drs. Deem and Nguyen that Plaintiff is limited in his ability to stand and walk. The error is not harmless because both doctors assessed a standing and walking capacity that is not accounted for in the light work the ALJ assessed in determining RFC. Accordingly, on remand the ALJ shall reassess the standing and walking limitations assessed by the doctors.

**B.      Psychological Evaluations of Drs. Mitchell and Czysz**

Plaintiff argues the ALJ erroneously discounted the opinions of psychological examiners Dr. Melanie Mitchell and Dr. James Czysz. Dkt. 9; *see also* Tr. 26. Specifically, Plaintiff argues the ALJ erroneously relied upon mental status examination ("MSE") findings rather than the record as a whole. Dkt. 9 at 6, 12.  The ALJ rejected the doctors' findings as not supported and inconsistent with MSE notations contained in the VA records. *See* Tr. 395-466, 669-910, 985-1051. While the ALJ cited some notes reflecting normal mental status exams, *id.*, the ALJ should interpret normal findings "in [the] context of the overall diagnostic picture." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

The ALJ considered the opinions of Drs. Mitchell and Czysz in the same paragraph stating "[t]hey opined to marked and/or extreme limitations in the claimant's mental ability to perform work-related activities." Tr. 26. The ALJ rejected both doctors' opinions as not supported by their own examination findings.

Dr. Mitchell opined Plaintiff has marked to severe limitations in all basic work activities due to his psychological impairments with a "severe" overall rating. Tr. 363-364. Citing the doctor's MSE findings the ALJ discounted this opinion as unsupported finding the MSE showed "intact abstraction ability, normal insight and judgment, intact fund of knowledge, normal memory, and normal thought process". Tr. 26.

The ALJ erred. Dr. Mitchell did not find Plaintiff's MSE was completely "normal," and noted Plaintiff's concentration was limited. Tr. 366. Additionally, Dr. Mitchell stated under the "observation detail" portion of the MSE, "[t]here was evidence of psychomotor agitation," and Plaintiff's "behavior was irritable, and attitude was agitated." Tr. 365. In this section the doctor also noted Plaintiff's standardized anxiety and depression scores indicated severe anxiety and depressive symptoms reported. *Id*. The ALJ did not address or acknowledge these portions of the exam which indicate Dr. Mitchell's opinion about Plaintiff's limitations flow from symptoms related to depression, anxiety, and PTSD, rather than cognitive limitations such as memory, thinking, or one's knowledge base. Tr. 365-366.

Indeed, the MSE results do not capture the significant PTSD symptoms Dr. Mitchell noted. The doctor's notes indicate Plaintiff's depressive, anxiety, and trauma symptoms are all marked to severe, noting "excessive anxiety and worry" resulting in Plaintiff having "difficulty controlling worry, can't breathe, easily overwhelmed, panic attacks, sleep disturbance, muscle tension, difficulty concentrating, and restlessness" as well as "intense fear, helplessness and

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 6

horror[,] [i]ntrusive thoughts, nightmares, avoidance behaviors, numbness or general responsiveness, detached, hypervigilant, fearful, and exaggerated startle." Tr. 362-363. The ALJ accordingly erred in discounting Dr. Mitchell's opinions based upon inconsistency with the MSE findings.

As to Dr. Czysz, the doctor opined overall Plaintiff's psychological symptoms were marked, with specific marked limitations in the ability to "[p]erform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision . . . [a]dapt to changes in a routine work setting . . . [and] [c]omplete a normal work day and work week without interruptions from psychologically based symptoms." Tr. 663-664. The ALJ also discounted Dr. Czysz's opinions on the grounds the checklist in part two of the MSE indicates Plaintiff has "intact memory, normal fund of knowledge, intact abstract ability, normal insight and judgment, and only some difficulty maintaining sustained focus." Tr. 26 (citing Tr. 666). But the ALJ omits the page of the report just before the MSE checklist, which indicates Plaintiff's thought process and content is abnormal, and notes "[Plaintiff's] thought process was slightly accelerated and notable for flight of ideas. His thought content was notable for depressive, self-critical, and negativistic brooding as well as perseveration and intrusive memories of past trauma." Tr. 665.

Dr. Czysz's notations in part one of the MSE also indicate Plaintiff "speech was often accelerated and he could be tangential and over-elaborative[]" that he has "[d]epressed mood, anhedonia, sleep disturbance, feeling of helplessness and hopelessness, diminished concentration, low motivation, little self-confidence or stamina" and that his affect included "[a]nxiety, hypervigilance, exaggerated startle response, general mistrust" and that "[i]ntrusive memories of past trauma may impair sustained concentration or focus in the present." Tr. 665.

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 7

Dr. Czysz's clinical findings also support his opinion Plaintiff's "symptoms of depression would make it difficult for the client to interview for jobs, or to concentrate on the task at hand." Tr. 663. Again, the Court notes the MSE checklist does not capture disabling depression or PTSD symptoms. This much is clear as Dr. Czysz found Plaintiff "is likely to display significant symptoms related to traumatic stress from both experiences of childhood trauma and neglect as well as episodes of trauma in his adulthood" and that Plaintiff's PTSD symptoms include "[a]nxiety, hypervigilance, exaggerated startle response, general mistrust" and that "[i]ntrusive memories of past trauma may impair sustained concentration or focus in the present." *Id*. Accordingly, the ALJ erred in discounting Dr. Czysz's opinion as unsupported by his examination.

The ALJ also rejected the doctors' opinions as inconsistent with the record. Substantial evidence does not support ALJ's consistency findings. The ALJ declined to give weight to Plaintiff's VA ratings, entitlements, or letters, but nonetheless discounted both doctors' opinions as "inconsistent with linear, logical, organized, and goal-directed thoughts with normal cognition and no difficulty in attention or concentration" based on the MSE findings contained in the VA medical records. Tr. 26 (citing Tr. 425, 720, 733, 766, 995, 1037). The VA "MSE" appears below the appointment narrative and assessment. The cited language of the MSE repetitively appears in twenty-two separate locations without change in VA reports and were completed by social work intern Hope Harvey and her supervisor Samuel Landrum, LICSW (tr. 715) between Sep 2, 2022, and May 24, 2023, and states:

    BRIEF ASSESSMENT OF MENTAL STATUS:

        Thought content was organized and goal directed
        Speech was coherent and unimpaired
        No evidence of excessive agitation or restlessness
        No Psychotic symptoms such as hallucinations or delusions

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 8

          Mood was euthymic

Tr. 697, 701, 714, 720, 733, 735, 738, 741, 745, 756, 759, 766, 774, 783, 1007, 1010, 1013, 1019, 1027, 1029, 1032, 1035. The ALJ's reliance upon the MSE notation assumes each notation reflects an actual clinical assessment performed on the date the notation appears, and not a repetitive notation that does not reflect Plaintiff's condition on the date of examination. An examination of the record indicates the MSEs from the VA do not track with Plaintiff's clinical presentation on the dates he was seen.

      For instance, Mr. Landrum's notes from the November 22, 2022, appointment, which contains the above refenced MSE notation states "[Plaintiff's] mood is depressed at baseline, . . . the PTSD symptoms related to the fire opens up range of complicated feelings related to his trauma, loss, shame and guilt that he was not able to complete his Navy career." Tr. 757. Two similar reports compiled by Dr. Fabienne Chou, Pharm.D., BCPP, during this same timeframe, on October 13, 2022, and February 21, 2023, state "[Plaintiff]'s speech was fairly rapid and verbose with somewhat tangential thought patterns at times therefore ongoing diagnostic clarification maybe[sic] beneficial to further guide treatment in the future." Tr. 707, 771. And an earlier VA report completed by Jason Chauv, Psy.D., on August 19, 2022, indicates in the "mental status" section Plaintiff's affect was "[i]inappropriately euphoric at times, including when discussing history of trauma; writer perceived this as his effort to cope. Notably would become more quiet and with low affect at times after inappropriate laughter." Tr. 795. Additionally finding Plaintiff's mood to be labile, anxious, and dysphoric or depressed. *Id*.

      The ALJ additionally supports his inconsistency finding citing another VA MSE which indicates Plaintiff had intact insight and judgement, his cognition was not formally assessed, his thought process was tangential and could only be redirected "with effort," and Plaintiff's mood

"appeared generally euthymic, possibly even hypomanic; affect bright but incongruent w/ self-report of life stressors and anxiety." Tr. 425-426. This citation does not support the ALJ's finding the provider found Plaintiff to have "linear, logical, organized, and goal-directed thoughts with normal cognition and no difficulty in attention or concentration." Tr. 26. The mental health triage evaluation notes from this same report indicates Plaintiff's "specifics [symptoms] are somewhat difficult to denote [due to] tangentiality. [Plaintiff] has difficulty completing the GAD/PHQ questionnaire [without] commentary on each question" and that Plaintiff "presents as quite energetic; wondered about possible hypomania or ADHD . . . he has some flavor of mild grandiosity." Tr. 425.

In reviewing the record as a whole, the Court finds substantial evidence does not support the ALJ's determination to discount the opinions of Drs. Mitchell and Czysz as inconsistent with the record. The ALJ harmfully erred in determining that brief MSE notations from ongoing care, which show a range of symptoms, contradicted the opinions of Drs. Mitchell and Czysz. Further, that an individual has "occasional symptom-free periods" is not inconsistent with finding the person is too disabled to function in the workplace. *Lester*, 81 F.3d at 833. A few general findings indicating a positive response to treatment does not necessarily correlate to her work-related functional capacity. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (noting that improvement while having limited environmental stressors does not relate to claimant's ability to work); *see also Scott v. Astrue*, 647 F.3d 734, 739–40 (7th Cir. 2011) (explaining that a patient who responds well to treatment is not necessarily one who can enter the workforce).

/

/

/

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reassess the opinions of Drs. Deem and Nguyen regarding Plaintiff's limitations in the ability to stand and walk; reassess the opinions of Drs. Mitchell and Czysz; develop the record and reassess Plaintiff's RFC as needed and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 31st day of October 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge